# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **PICKUP & GO MOVING INTERNATIONAL, INC.,** <br>       **Plaintiff,** <br> v. <br> **LIBERTY MUTUAL INSURANCE COMPANY,** <br>       **Defendant.** | CIVIL ACTION NO.: 3:21-cv-546 <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendant, Liberty Mutual Insurance Company ("Liberty"), hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Western District of North Carolina, Charlotte Division. A copy of this Notice is being filed with the Clerk of Superior Court of Mecklenburg County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Liberty states the following:

## PROCEDURAL HISTORY AND CASE BACKGROUND

1. This Civil Action regards whether an insurance contract between Liberty and Plaintiff Pickup & Go Moving International, Inc. ("Plaintiff") requires Liberty to indemnify Plaintiff for certain damages Plaintiff alleges it incurred.

2. On or about September 3, 2021, Plaintiff filed a Complaint against Liberty in the Superior Court of Brunswick County, North Carolina. The Complaint was assigned case no. 21-CVS-14128 (the "State Court Action"). *See Exhibit A, Copy of Plaintiff' Complaint (the "Complaint").* Plaintiff thereafter served the Complaint upon Liberty via Federal Express on or about September 15, 2021. *See Exhibit B, Service*

1

*Label from Federal Express.*

3. According to the Complaint, Liberty issued a commercial property coverage policy bearing the number BFS 61446061 (the "Policy") to Plaintiff. *See Complaint, at ¶¶6-7.*

4. The Policy was effective from May 20, 2020 through May 20, 2021. *See Exhibit C, copy of the Policy.*

5. On or about November 11, 2020, according to the Complaint, water intrusion impacted the insureds' business property located at 101 Talbert Pointe Drive, Mooresville, NC 28117-4377, allegedly causing certain damage to the property (the "Loss"). *See Exhibit A, Compl. at ¶¶5, 8-9.*

6. Plaintiff provided notice of the Loss to Liberty and requested Liberty to pay, among other things, the cost to replace certain business inventory and contents owned by Plaintiff (the "Claim"). *Id.*

7. Purportedly, Liberty denied the entirety of Plaintiff's Claim. *Id., at ¶10.*

8. Plaintiff's Complaint alleges, as a result, the following two causes of action against Liberty:

   1. The First is for Breach of Contract and seeks damages in excess of $25,000.00, exclusive of interest, costs, and attorney's fees. *Id., at ¶21.*

   2. Plaintiff' Second Cause of Action is for violation of North Carolina's Unfair and Deceptive Trade Practices Act, and it seeks and seeks damages in excess of $25,000.00, exclusive of interest, costs, and attorney's fees. *Id., at ¶26.*

9. In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446 (c)(1), Liberty removes this matter to this Court based upon diversity jurisdiction.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

10. Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . .". *Id.* Here, both criteria are met.

**A.  Complete Diversity of Citizenship Exists.**

11. Plaintiff alleges in the Complaint that it is a corporation organized and existing in the State of North Carolina, with its principal place of business in Mecklenburg County, North Carolina. *Exhibit A, Compl. at ¶1.*

12. Liberty is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts.[1] *See Exhibit A., Complaint.*

13. Given that Plaintiff is a citizen of North Carolina, and Liberty is a citizen of Massachusetts, the Parties are citizens of different states, and complete diversity exists.

**B.  The Amount in Controversy Exceeds $75,000.00.**

14. As indicated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Plaintiff' First Cause of Action seeks actual damages in excess of $25,000. *See Ex. A, Compl. at ¶21.*

16. Plaintiff' Second Cause of Action seeks actual damages in excess of $25,000 in connection with Liberty's alleged violation of the North Carolina Unfair Trade Practices Act, which provides treble damages automatically when a violation is

---

[1] It is believed Plaintiff named the incorrect underwriting company as a Defendant in this case and, instead, Ohio Security Insurance Company should be the named Defendant. Therefore, in an abundance of caution, undersigned counsel of record for Liberty Mutual notes that Ohio Security Insurance Company is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

established. *N.C. Gen. Stat. § 75-16.. Id., at ¶26; N.C. Gen. Stat. § 75-16.* For purposes of the amount in controversy calculation, Plaintiff's Second Cause of Action seeks damages exceeding $75,000.00 by itself.

17. Although Plaintiff claims an unknown amount of consequential damages in an amount in excess of $25,000.00, Plaintiff's requested relief notes it is seeking pre and post-judgment interest, treble damages, attorneys' fees and costs, and all other damages available under Chapter 58 and 75 of the North Carolina General Statutes. *Id. at ¶1.*

18. Upon aggregating the Causes of Action, and the damages sought in the Complaint, the damages identified exceed $75,000.00, including interest, treble damages, costs, and attorney's fees. *See supra Complaint.* Accordingly, the amount in controversy in this Action exceeds the jurisdictional threshold of $75,000.00. *See generally Pl's. Compl.; see also Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995) (permitting the aggregation of multiple claims by a single plaintiff against a single defendant to meet the amount in controversy requirement); Bell v. Preferred Life Society, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); Francis v. Allstate Ins. Co., 709 F.3d 362 (4th Cir. 2013) (holding that when the applicable state's law permits the recovery of attorney's fees, such fees may be included when determining whether the matter satisfies the jurisdiction threshold); JTH Tax, Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010) (holding same); Wood v. Stark Tri-County Bldg. Trades Council, 473 F.2d 272 (6th Cir. 1973) (holding same).*

19. In addition, under North Carolina law, treble damages are awarded automatically when a violation of the North Carolina Unfair and Deceptive Trade Practices Act is established. N.C. Gen. Stat. § 75-16. Numerous courts have held that treble damages may be used to meet the amount in controversy threshold to support federal court diversity jurisdiction. See, e.g., Gordon v. Nat'l Bus. Consultants, Inc., No. 87-2676, 1988 WL 86618, at *1 (4th Cir. Aug. 19, 1988) (unpublished table decision); Lunsford v. Cemex, Inc., 733 F.Supp.2d 652, 657-658 (M.D.N.C. 2010); AM-Rail Constr., Inc. v. A&K R.R. Materials, Inc., No. 1:16CV520, 2017 WL 414382 at *3 (M.D.N.C. Jan. 31, 2017) (unpublished).

20. Accordingly, the requirements of 28 U.S.C. §1332 are satisfied, as the amount in controversy exceeds $75,000.00.

## **LEGAL ARGUMENT**

21. As stated above, the amount in controversy in this matter exceeds $75,000.00, inclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

22. Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Liberty, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. §1404.

23. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and shall be contemporaneously filed with the Clerk's Office for the General County of Justice, Superior Court Division of Mecklenburg

County, North Carolina.

24. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, are attached hereto as Exhibits D and E, respectively.

25. This Notice of Removal is not a waiver of Liberty's affirmative defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense Liberty may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, Liberty Specialty Insurance Company, requests that the above-captioned action be removed from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District, Charlotte Division of North Carolina.

Respectfully submitted this the 15th day of October, 2021.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ L. Andrew Watson
L. Andrew Watson
NC Bar No.: 41812
Ryan P. Duffy
NC Bar No.: 55904
11605 North Community House Road, Suite 150
Charlotte, North Carolina 28277
PH: (704) 543-2321
FX: (704) 543-2324
E: awatson@butler.legal
E: rduffy@butler.legal
*Attorneys for Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **NOTICE OF REMOVAL** was electronically filed with the United States District Court for the Western District of North Carolina on the 15th day of October, 2021 by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

>Ty K. McTier
>Ryan Simpson
>TLG LAW
>2907 Providence Road, Suite 303
>Charlotte, NC 28277
>PH: (704) 900-2215
>FX: (704) 900-2215
>E: tmctier@tlg-law.com
>*Counsel for Plaintiff*

>/s/ L. Andrew Watson
>L. Andrew Watson